JOHN MALANEY v. THOMAS HUGHES AND ELIZA HUGHES

A justice's docket showed an action of debt commenced against two defendants, legal service of the summons upon one of them only, and every subsequent step in the cause taken as against a single defendant. *Held*, that the judgment so entered was rendered only against that defendant who was legally served with summons.

On *certiorari* to the Mercer Common Pleas.

An action was brought in the Trenton District Court by John Malaney against Thomas Hughes and Eliza Hughes,

upon a judgment recovered in a court for the trial of small causes, the sole evidence of which judgment was presented by the following entry in the docket of the justice, viz.:

> " John Malaney
>     v.
> " Thomas Hughes      In debt.
>     and
> " Eliza Hughes.

" Issued sum's against the defendants for eighty-five dollars the 24th day of August, 1883; returned on the 3d day of September next at 2 o'clock P. M. Sum's return served as follows :

> " LITTLE FALLS, August 24, 1883.

" I served the within sum's on Eliza Hughes at her place of abode by reading it to her and giving her copy of the same. Thomas Hughes not being found, I left a copy at his place of abode.

> " JOHN SMALLEY, Const.

" Sept. 3, '83. Plaft filed his demand, this Deft not appeared and at request of the Plainff Joseph Bowan was sworn for the Plainff in the absence of the defendant, after hearing the evidence of Plainff I gave judgment in favor of Planiff for eighty-five dollars debt and two dollars cost against the Deft."

On inspection of this evidence, the District Court decided that it disclosed a judgment against Eliza Hughes alone, and therefore non-suited the plaintiff. On appeal to the Mercer Common Pleas, the judgment of the District Court was affirmed, and an order made that the record and proceedings be remitted to the District Court to be proceeded with, &c.

This *certiorari* brings up the orders of the Common Pleas.

The reasons assigned for reversal are, in substance, that the judgment should have been for the plaintiff against both defendants, and that at any rate the case settled for the appeal should not have been remitted to the District Court.

Argued at February Term, 1888, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiff, *George S. Grosvener.*

The opinion of the court was delivered by

DIXON, J.    We agree with the District Court that the docket discloses a judgment against Eliza Hughes alone. Although it shows a suit commenced against both defendants, yet the return to the summons evinces jurisdiction obtained over Eliza only (unless Eliza and Thomas are to be regarded as joint debtors), and every subsequent step in the cause is recorded as if it had been taken with reference to a single defendant, who must be considered to be Eliza, in order to sustain the propriety of the proceedings.

A different conclusion might be rendered necessary if the docket indicated that Thomas and Eliza were sued as *joint* debtors, but the docket is silent on that point, and under the supplement to the Small Cause act, approved March 9th, 1877 (*Rev. Sup.*, *p.* 402), parties *separately* liable on bills of exchange and promissory notes may be included in one action ; and an assumption that these parties were sued on some such liability will support the propriety in substance of every entry in the docket, and therefore is the assumption which ought to be made.    The lack of any statement in the docket that the action against Thomas was discontinued, or that any bill or note was offered in evidence, does not militate against this assumption with sufficient force to overcome it.

The judgment brought up was therefore right.

The order of the Common Pleas to remit the record and proceedings may perhaps be unwarranted in regard to the case stated for the appeal, but in regard to the determination of the Common Pleas it follows the ruling in *Guerin* v. *Rodwell,* 8 *Vroom* 71.    As applied to the case stated, it wrought no injury to the plaintiff, except a slight inconvenience in getting his case before this court for review.    That inconvenience will not be relieved by our reversing the order now.

The judgment below will be affirmed, but as the defendants in *certiorari* have not appeared, no order for costs to them will at present be made.